UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TERRANCE DIXON,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                22-CV-5710 (RPK) (LB)
    v.

PAYPAL INC,

                Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      This lawsuit presents the question of how courts should determine the amount in controversy, for purposes of federal jurisdiction, when a party seeks to vacate an arbitration award under Section 10 of the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 10. Historically, courts have approached that question in three ways. Under the "award approach," the amount in controversy is the amount of the arbitral award. *See Karsner v. Lothian*, 532 F.3d 876, 882 (D.C. Cir. 2008) (describing approaches). Under the "demand approach, the amount in controversy is the amount sought in the underlying arbitration rather than the amount awarded." *Ibid.* Finally, under the "remand approach," "the amount in controversy is the amount sought in the underlying arbitration," but only "if the petition includes a request to remand and reopen the arbitration proceeding." *Ibid.* For the reasons explained below, only the award approach is viable after the Supreme Court's decision in *Badgerow v. Walters*, 142 S. Ct. 1310 (2022). And under that approach, federal jurisdiction is absent here, because the arbitral award was $0, and jurisdiction based on diversity of citizenship requires an amount in controversy of more than $75,000. *See* 28 U.S.C. § 1332(a). This case is therefore remanded to New York Supreme Court, Queens County.

1

## BACKGROUND

In April 2022, plaintiff filed a demand for arbitration against defendant with the American Arbitration Association. *See generally* Demand for Arbitration (Dkt. #1-5). The demand alleged that, over the course of five months in 2021, defendant "allowed over 300 transactions to occur fraudulently" in plaintiff's PayPal account, "causing over $14,000 in damages." *Id.* at 2.[1] The demand asserted claims for breach of fiduciary duty, deceptive business practices under Del. Code tit. 6, § 2532, abuse of process, and fraud. *Id.* at 4–6. After considering the parties' submissions, the arbitrator denied plaintiff's claims "in their entirety." Award of Arbitrator 3 (Dkt. #1-4).

Proceeding *pro se*, plaintiff then filed this lawsuit against defendant in New York Supreme Court, Queens County. Plaintiff invoked Section 10 of the FAA, which permits a court to vacate an arbitral award, as well as to direct rehearing, 9 U.S.C. § 10, and Section 11 of the FAA, which permits a court to modify an arbitral award under limited circumstances, 9 U.S.C. § 11. *See* Compl. 1–3 (Dkt. #1-2). Plaintiff claims that the arbitrator was partial, committed misconduct, and exceeded her powers, and that there was no valid contract compelling arbitration. He writes that the "Award should be [m]odified," *id.* at 11, or "at least be vacated and re-argued," *id.* at 3. He "further seek[s] the option of pursuing before a different arbitrator or new arbitral panel at a different firm or a court of jurisdiction whatever issues may remain after vacation/modification of the Award." *Ibid.*

Defendant timely removed the action to this Court, invoking only the Court's diversity jurisdiction under 28 U.S.C. § 1332. *See generally* Not. of Removal (Dkt. #1). According to the notice of removal, defendant is a Delaware corporation with its principal place of business in California, *id.* ¶ 8, and plaintiff is a citizen of New York, *id.* ¶ 9. The notice alleges that the amount

---

[1] Citations are to ECF page numbers in the Demand for Arbitration, as the Demand's paragraphs are numbered in a duplicative manner and do not appear in sequential order.

2

in controversy exceeds $75,000 because plaintiff demanded at least $114,000 during the arbitration. *Id.* ¶ 12.

Plaintiff has moved to remand the case to state court, arguing, among other things, that the amount in controversy does not exceed $75,000. *See* Mot. to Remand 5 (Dkt. #4).

## STANDARD OF REVIEW

On a motion to remand for lack of subject-matter jurisdiction, the "party seeking removal"—here, defendant Paypal—"bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011). A defendant invoking diversity jurisdiction has the burden of proving that it appears to a "reasonable probability" that the amount in controversy "is in excess of the statutory jurisdictional amount." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 304–05 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).

"When the plaintiff's complaint does not state the amount in controversy" or the citizenship of the parties, "the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). If unchallenged by the plaintiff or the court, "the defendant's amount-in-controversy allegation should be accepted." *Id.* at 87. But if the amount in controversy is disputed, removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000, 28 U.S.C. § 1446(c)(2)(B); *see Dart*, 574 U.S. at 88, based on an examination of the pleadings or other evidence in the record, *United Food & Com. Workers Union*, 30 F.3d at 305.

3

**DISCUSSION**

Defendant alleges that this Court has jurisdiction because the parties are diverse—from different States—and because the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). But while the parties are diverse, defendant has not established that the amount in controversy exceeds $75,000. Ordinary jurisdictional principles, coupled with the Supreme Court's recent decision in *Badgerow*, establish that the amount in controversy in a lawsuit seeking to vacate an arbitral judgment is the amount of the arbitral award. And here, the arbitrator awarded no relief to either party. Accordingly, defendant has not established that more than $75,000 is at stake in this lawsuit, and plaintiff's remand motion is granted.

**I.  Ordinary jurisdictional rules indicate that the amount in controversy is the amount of the arbitral award.**

Ordinary principles of jurisdiction favor looking to the amount of the arbitral award to determine the amount in controversy when a litigant seeks to vacate the award or redo the arbitration.

When a plaintiff seeks declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The amount that matters is the amount that "flows directly and with a fair degree of probability from the litigation." *Kheel v. Port of N.Y. Auth.*, 457 F.2d 46, 49 (2d Cir. 1972); *see Smith Prod. Co. v. Baldwin*, 106 F.3d 403 (7th Cir. 1997) (looking to the pecuniary result "which the judgment would *directly* produce"); *see also Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 543–44 (3d Cir. 1995). Potential sums from "collateral" sources do not count. *Kheel,* 457 F.2d at 49. For example, in litigation over a tax payment, the tax payment "which is demanded or resisted . . . is the matter in controversy." *Healy v. Ratta*, 292 U.S. 263, 268 (1934). Penalties for non-payment that could be assessed later are not

included, because a court should not take into account "the collateral effect of [its] decree, by virtue of stare decisis, upon other and distinct controversies." *Ibid.*

These tools point to the arbitral award as the measure of the amount in controversy when a litigant seeks to vacate such an award—whether or not the litigant seeks to have the case sent back for a new arbitration. The award is the amount that could "flow[] *directly* and with a fair degree of probability" from one party to another as a result of the judgment. *Kheel*, 457 F.2d at 49 (emphasis added). Of course, a court vacating the award could "in its discretion, direct a rehearing by the arbitrators," 9 U.S.C. § 10(b)—who could, in turn, award new damages after another arbitration proceeding. But the possibility that an arbitrator will provide a new award during a future arbitration is not properly considered in determining the amount in controversy because such an award would "flow[] directly" from decision of a separate decisionmaker—the arbitrator—rather than from the court's judgment. *Kheel,* 457 F.2d at 49.

Applying these principles, Defendant's assertion that the amount in controversy exceeds $75,000 falls short. Defendant focuses on plaintiff's request for at least $114,000 *in the parties' arbitration*, Def.'s Mem. of Law in Opp'n ("Def.'s Opp'n") 5 (Dkt. #11), but does not identify any way in which relief worth $75,000 or more could flow directly from the Court's judgment. Accordingly, under ordinary jurisdictional principles, defendant has not established an amount in controversy that supports federal jurisdiction.

### II. Recent Supreme Court case law indicates that ordinary principles apply when assessing jurisdiction under Section 10 of the FAA.

The Supreme Court's recent decision in *Badgerow* confirms that the "usual jurisdictional rules" discussed above apply to petitions to vacate arbitral awards under Section 10 of the FAA. *Badgerow*, 142 S. Ct. at 1321. Before *Badgerow*, some courts had assessed jurisdiction over such FAA petitions under a special approach—"looking through" the contractual dispute on the face of

5

the FAA petition to the claims in the parties' underlying dispute before the arbitrator. *See id.* at 1315. If federal jurisdiction would have existed over the dispute before the arbitrator, federal jurisdiction would likewise be found over the motion to vacate the arbitral award. *Ibid.* The Supreme Court had adopted that "look-through" approach to petitions to compel arbitration under Section 4 of the FAA. *See Vaden v. Discover Bank*, 556 U.S. 49, 55 (2009). And some of the courts that adopted the "demand approach" to jurisdiction over petitions under Section 10—in effect, "looking through" the federal complaint to the amount sought in arbitration—found it anomalous that the jurisdictional analysis for FAA motions to compel and to vacate would differ, with the result that a "court could compel but then lack jurisdiction to review the arbitration it ordered." *Karsner*, 532 F.3d at 883–84.

In *Badgerow*, though, the Supreme Court rejected the look-through approach to petitions to vacate. The Court reasoned that the look-through approach derived from "express language" in Section 4 of the FAA that is not present in other provisions of the statute, such as Section 10. *Badgerow*, 142 S. Ct. at 1317–18. Thus, the Court instructed, the FAA does not allow a federal court considering a petition to vacate under Section 10 to "locate jurisdiction not in the action actually before [it], but in another controversy neither there nor ever meant to be." *Id.* at 1318. Instead, the Court held, courts considering petitions to vacate under Section 10 should apply "the ordinary rules" of federal jurisdiction, including the ordinary rules of diversity. *Id.* at 1321. As explained above—and as several courts in this Circuit have already concluded—those rules favor treating the amount in controversy as the amount of the arbitral award. *See Elwell v. Raymond James Fin. Servs., Inc.*, No. 22-CV-10125 (JGK), 2023 WL 5186275, at *5 (S.D.N.Y. Aug. 10, 2023); *Conmed Corp. v. First Choice Prosthetic & Orthopedic Serv., Inc.*, No. 21-CV-1245

(BKS), 2023 WL 157957, at *7 (N.D.N.Y. Jan. 11, 2023); *Mitchell v. Frattini*, No. 22-CV-2352 (JGK), 2022 WL 17157027, at *3 (S.D.N.Y. Nov. 22, 2022).

### III. Plaintiff's request to modify the arbitral award does not change the jurisdictional analysis.

Plaintiff's request to modify the arbitral award in an unspecified fashion does not change matters. Section 11 of the FAA permits a court to modify an arbitral award only under highly constrained circumstances. Specifically, modification is allowed "[w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award," "[w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted," or "[w]here the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11. While plaintiff mentions modification of the arbitral award in his state court complaint, he has never suggested that any of the narrow statutory grounds for modification are present. Perhaps for this reason, defendant has never asserted that more than $75,000 is in dispute because of a possible modification to the arbitral award—instead relying exclusively on the amount sought in plaintiff's arbitration demand. *See* Def.'s Opp'n 5. Accordingly, defendant has not demonstrated that the amount in controversy exceeds $75,000 based on plaintiff's invocation of Section 11 of the FAA.

## CONCLUSION

Plaintiff's motion to remand is granted. All other pending motions are denied as moot. The Clerk of Court is respectfully directed to remand the case to the Supreme Court of the State of New York, Queens County.

SO ORDERED.

                                                */s/ Rachel Kovner*
                                                RACHEL P. KOVNER
                                                United States District Judge

Dated: September 26, 2023
       Brooklyn, New York